COCKRELL, J., absent by reason of sickness.

---

CO-OPERATIVE SANITARY BAKING COMPANY, A CORPORATION, *et al., Appellants,* v. GEORGE SHIELDS, *Appellee.*

## Opinion filed February 5, 1916.

On an appeal from an interlocutory order appointing a receiver of all the assets of a corporation, where it is made to appear to the court that the basis for the appointment of such receiver was to enforce the payment of a judgment which the appellee had recovered against such corporation and that such judgment had been reversed by this court, leaving no basis for the appointment of a reciever, the interlocutory order appealed from will be reversed for that reason.

Appeal from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Order reversed.

*Lunsford & DeVane*, for Appellants;

*Mabry & Carlton*, for Appellee.

PER CURIAM.—This is an appeal from an interlocutory order appointing a receiver of "all the assets, effects, real, personal and mixed, wheresoever situate, of every nature and kind whatsoever now belonging to or to which the said Co-operative Sanitary Baking Company is entitled, whether in law or in equity, together with all property mentioned in the bill of sale from the Co-operative Sanitary Baking Company to F. W. Mohr on, to-wit, January 7, 1915."

Four errors are assigned, but no detailed discussion thereof is necessary. It is sufficient to say that it appears from the bill of complaint that the basis for the appointment of such receiver was to enforce the payment of a judgment for the sum of $2,250.00 which the appellee recovered on the 26th day of November, 1914, in an action at law against the Co-operative Sanitary Baking Company, which judgment we have this day reversed, so that the basis for the appointment of a receiver no longer exists, even if such appointment was warranted in the first instance, as to which we do not feel called upon to express an opinion.

Order reversed.

All concur, except COCKRELL, J., absent by reason of sickness.